# N. Y. COMMON PLEAS.

## HATTIE A. H. BLOODGOOD agt. MORRIS S. BLOODGOOD.

*Alimony and counsel fees — wife not entitled to, in action against husband to annul marriage for impotency — Stipulation to pay referee's fees will be enforced.*

In an action brought by a wife to have the marriage annulled for the alleged impotency of the husband, the court is not authorized to make an order against the husband for alimony to the wife, *pendente lite*, or to provide funds to defray the expenses of the suit. This is adverse to *Allen* agt. *Allen, ante, p.* 27.

The provisions of the Revised Statutes as to requiring the husband to pay sums necessary to carry on the suit during its pendency, are restricted to cases where the wife admits the existence of a valid marriage and seeks a divorce or separation for subsequent misconduct of the husband.

Where the husband is plaintiff and seeks to annul the marriage, but the wife affirms its validity, she is entitled to alimony and counsel fees.

Where the husband has stipulated to pay half the referee's fees, such stipulation will be enforced.

*Special Term, May,* 1880.

ACTION by wife to have marriage annulled for alleged impotency of husband.

Application for alimony and counsel fee.

*George B. Ely,* for plaintiff.

*John E. Hartley,* for defendant.

J. F. DALY, *J.* — I find in the opinion of the court of appeals in *Griffin* agt. *Griffin* (47 *N. Y.*, 134), delivered by RAPALLO, J., the very decided expression of opinion that the provisions of the Revised Statutes as to requiring the husband to pay sums necessary to carry on the suit during its pendency are " very properly restricted to cases where the wife admits

the existence of a valid marriage, and seeks a divorce or separation for subsequent misconduct of the husband. Where she denies the existence of the marriage she cannot consistently claim that the defendant is under any obligation to provide her with means to carry on her suit against him (*Bartlett* agt. *Bartlett*, *Clarke's Ch. R.*, 460; *North* agt. *North*, 1 *Barb. Ch.*, 243)."

The case of *Bartlett* agt. *Bartlett*, cited with approval by the court, is directly in point and is authority for denying alimony to the wife in her action to set aside the marriage for the husband's alleged impotency. Where the husband is plaintiff and seeks to annul the marriage but the wife affirms its validity she is entitled to alimony and counsel fees (*North* agt. *North*, *cited above*). This latter case distinguishes actions *by* the wife and *against* the wife to set aside the contract.

Whatever reason there may be for questioning the soundness of the views presented in these cases, it is idle to enter upon such a discussion in the face of the authority cited.

I understand that the supreme court at special term, in the case of *Allen* agt. *Allen*, February, 1880, has allowed alimony and counsel fees in an action by the wife against the husband to annul a marriage for his impotency. But this is clearly against the cases in this state and I cannot follow the decision. The brief of plaintiff's counsel in that case shows the English practice to be in favor of the allowance. Our practice is different.

So far as alimony and counsel fees are demanded in this motion it must be denied; but the defendant's stipulation to pay half the referee's fees may be enforced as it rests upon his own engagement. The motion to compel him to pay his share will be enforced (*Fischer* agt. *Raab*, 56 *How.*, 218–223) when proof is made of the amount due.