defined by the statute for acquiring jurisdiction over their persons and property.

It is no answer to the objection that the statute has not been complied with in respect to the mode of service, that the infant is of such tender years that he would have derived no benefit from the service if made ; or that it would have been competent for the legislature to have provided that service upon the parent or guardian should stand as service upon the infant. The statute has prescribed how jurisdiction shall be acquired, and courts cannot dispense with its observance.

The order should be affirmed.

All concur, except RAPALLO, J., absent.

## SUPREME COURT.

RILEY A. BRICK and another agt. FRANK F. FOWLER.

*Referee's fees — stipulation to pay will be enforced.*

Where a party at the commencement of a reference stipulates with the opposite party to pay half the referee's fees, such stipulation will be enforced (*Following Fischer* agt. *Raab et al.*, 56 *How.*, 218–223 ; and *Bloodgood* agt. *Bloodgood*, 59 *How.*, 42).

*Special Term, March*, 1881.

IN June, 1880, a motion was made in this cause for an order substituting other attorneys in the place and stead of Messrs. Holbrook & Smith, attorneys for defendant, and requiring them to deliver to said defendant all papers in their possession belonging to him. On the hearing of said motion it was referred to a referee to take proofs and report the same with his opinion as to what, if anything, was due said Holbrook & Smith for services rendered by them for said defendant. Before proceeding with the reference a stipula-

Brick agt. Fowler.

tion was entered into between said Holbrook & Smith and the defendant as follows:

"It is hereby stipulated and agreed by and between the parties to this reference, that the statutory fees of the referee is waived, and the referee shall be entitled to charge in lieu thereof three dollars per hour 'for each and every hour or fractional part of an hour spent in and about the reference, said fees to be paid one-half by each party as demanded."

Said reference was proceeded with from time to time to the sixteenth day of March, when said referee notified the respective parties that his report was ready and would be filed on payment of his fees. The whole amount of referee's fees was the sum of $228, one-half of which has been paid by Holbrook & Smith as provided for in said stipulation. There was due the referee, on account of defendant Fowler's share of said fees, the sum of sixty-nine dollars. The referee demanded payment of said sum from said defendant by letter to his said attorney, Mr. Easton, on the sixteenth of March, to which no answer was received.

On the 23d day of March, 1881, Messrs. Holbrook & Smith made a motion based on the following affidavits for an order that the defendant Fowler pay to the referee the balance of his fees as per stipulation.

CITY AND COUNTY OF NEW YORK, ss.:

Frank E. Smith, being duly sworn, says that he is a member of the firm of Holbrook & Smith, the attorneys for the defendant in the above entitled action.

That in June, 1880, a motion was made herein for an order substituting other attorneys in their place and stead as attorneys for said defendant, and requiring them to deliver to said defendant all papers in their possession belonging to him. That on the hearing of said motion it was referred to R. M. Stover, Esq., to take proofs and report the same, with his opinion as to what, if anything, is due said Holbrook & Smith for services rendered by them for said defendant, and

the further hearing of said motion was adjourned until two days after the coming in of said referee's report. That before proceeding with said reference a stipulation was entered into between said Holbrook & Smith and the defendant, a copy of which is annexed to the accompanying affidavit of R. M. Stover. That said stipulation was signed by J. Thain Easton, as attorney for said defendant, in the presence of said defendant and of this deponent and the referee. That before signing the same Mr. Easton asked the defendant if he was willing to pay one-half the fees of the referee at the rate expressed in said stipulation, defendant replied that he was, and Mr. Easton thereupon signed the said stipulation as his attorney.

That said reference was proceeded with from time to time and closed on the 5th of March, 1881. That on the 16th of March, 1881, said referee notified deponent's firm that his report was ready and that he would file the same on payment of his fees.

That deponent's said firm has paid the entire amount due from them to said referee, according to said stipulation, as will more fully appear from the accompanying affidavit of said referee.

That deponent's firm is desirous of having the report of said referee filed, so that the same may be confirmed or such further action had thereon as may be just and proper.

That deponent is informed by said referee that he has twice written Mr. Easton, demanding payment of the balance due him from said defendant, but has received no reply, and that he, the said referee, is desirous of having his fees paid without further delay, for which reason deponent asks that an order to show cause be made returnable in less than eight days.

That no other application has been made for the order now asked for.

CITY AND COUNTY OF NEW YORK, ss.:

R. M. Stover, being duly sworn, says that by an order of this court dated June 28, 1880, made on a motion for sub-

Brick agt. Fowler.

stituting attorneys for defendant, it was referred to him to take proofs and report the same to this court with his opinion as to what if anything is due to Messrs. Holbrook & Smith, the attorneys for defendant for services rendered by them.

That on the 1st day of July, 1880, before proceeding with said reference, a stipulation, a copy of which is hereto annexed, was entered into between said Holbrook & Smith and J. Thain Easton, as attorney for said defendant on said motion. That said defendant, Frank F. Fowler, was present when said stipulation was signed by his said attorney and then approved of the same.

That under said stipulation there has since been paid to deponent, on account of his fees as such referee on the part of said Fowler, the sum of forty-five dollars.

That said reference was proceeded with before deponent, and closed on the 5th day of March, 1881. That on the 16th day of March, 1881, deponent notified the respective parties that his report was ready and would be filed as soon as the balance due him for fees according to said stipulation was paid.

That the whole amount of deponent's fees, as such referee, is the sum of $228, one-half of which, being the whole amount due from said Holbrook & Smith, has already been paid deponent by them as provided for in said stipulation.

That there is due deponent from said defendant Fowler, on account of his share of said fees, the sum of sixty-nine dollars.

That deponent demanded payment of said sum from said defendant by letter to his said attorney, Mr. Easton, on the sixteenth day of March last, but that the same has not been paid, nor has any part thereof, nor has any offer or promise been made to pay the same on the part of said Fowler or his said attorney.

On reading the foregoing affidavits the following order was made by LAWRENCE, J.:

On reading the annexed affidavits of R. M. Stover and Frank E. Smith, sworn March 23, 1881, and on motion of Holbrook & Smith,

The People *ex rel.* Barnes agt. Angel,

Ordered, that said defendant Frank F. Fowler pay to R. M. Stover, the referee herein, on or before the 25th day of March, 1881, the sum of sixty-nine dollars, that being the balance due from said defendant to said referee, on account of his fees as such, or show cause at half-past ten o'clock of that day, at a special term of this court, to be held at chambers at the court house in the city of New York.

NOTE—The fees were paid before the twenty-fifth March, the date mentioned in the order.