## MALONE vs. ROBY, imp.

*February 6 — March 3, 1885.*

PRACTICE. *(1) Fees of referee: Stipulation: Joint liability of parties. (2) Striking out or overruling demurrer.*

1. Where the attorneys of the respective parties to an action stipulate that the referee therein shall be allowed a certain sum per day and expenses in the trial of the action, he may recover such fees and expenses from both parties jointly.

2. There is now no distinction in the practice as to striking out a demurrer as frivolous, and overruling it, since the privilege of answering is allowed in either case.

APPEAL from the County Court of *Dodge* County.

Action to recover fees for services rendered and expenses incurred by the plaintiff as referee in an action between the defendants. The facts will sufficiently appear from the opinion. The defendant *Jacob W. Roby* appealed from an order striking out as frivolous his general demurrer to the complaint.

The cause was submitted for the appellant on the brief of *A. K. Delaney*, and for the respondent on that of *Harlow Pease*.

For the appellant it was contended, *inter alia*, that the party who takes up the report only is liable to the referee for his fees. *Devlin v. Mayor*, 54 How. Pr. 64. The stipulation in this case was made pursuant to sec. 2930, R. S., and changed nothing except the rate of compensation. *Chase v. James*, 16 Hun, 14; *First Nat. Bank of Cooperstown v. Tomajo*, 17 id. 240. If a party becomes liable to the referee for his fees under a stipulation, the proper remedy to enforce payment is by order of court, which will be enforced by proceedings as for contempt. *Fischer v. Raab*, 56 How. Pr. 218; *Bloodgood v. Bloodgood*, 59 id. 42; *Brick v. Fowler*, 61 id. 153.

ORTON, J. In a suit pending in the circuit court of the county of Dodge, between Samuel D. Roby, defendant herein, as the plaintiff, and *Jacob W. Roby*, the other defendant herein, as defendant, there was an order of reference of the whole case, to hear, try, and determine, to the plaintiff, *James E. Malone*, as sole referee. After the appointment of said referee the parties entered into the following stipulation, or agreement: [Title of the cause.] "It is hereby stipulated that the referee herein shall be allowed ten dollars per day, and expenses, in the trial of this action." [Signed

by the attorneys of the respective parties.] The plaintiff, as such referee, proceeded to hear, try, and determine said action, and made report thereof to the court, and thereupon demanded of the defendants, as his *per diem* allowance, the sum of $420, and for his necessary expenses the further sum of $70, according to said stipulation, which they refused to pay. These are substantially the facts set out in the complaint. One of the defendants demurred to the complaint, on the ground that it failed to state a cause of action. On the motion of the plaintiff's counsel said demurrer was stricken from the files, as being frivolous.

1. The only question upon the demurrer is whether the compensation of the plaintiff, as such referee, under said stipulation, should be taxed up as costs against the losing party in the action merely, or he be allowed to recover against both of the parties jointly, by virtue of said contract, in this action. Sec. 2930, R. S., provides that "the fees of referees shall be three dollars per day spent in the business; *but the parties may agree in writing* upon any other rate of compensation." The plain, common sense view of the question would seem to force the conclusion that the defendants are strictly bound to the plaintiff by their agreement to pay him for his services at the rate stipulated. The presumption is that his services were deemed of special value to both of the parties to the suit, beyond and outside of the mere costs allowed him by the statute, and that this was the inducement of the contract. It may also be presumed that the plaintiff was induced to render his services in the cause by this joint agreement of the parties to pay him therefor. This is certainly a valid agreement, and made so by the statute itself; and why should it be treated differently from other valid contracts? The plaintiff by the contract secured the joint liability of the parties for his work and labor; and why should he not be able to enforce it?

If the stipulation had been, after agreeing upon the rate

of compensation, that it should be taxed as costs against the unsuccessful party in the action, then the plaintiff might or might not have consented to render the services.  But it is sufficient that such was not the stipulation; and now to bind him by a mere legal implication to look to the unsuccessful party in the suit, against the express terms of the contract, would certainly be a new legal principle.  It may be that the compensation of the plaintiff as such referee, under such a stipulation, might be taxed as costs against the losing party in the action, or perhaps against both parties; but that would not change or lessen the liability of both parties on their contract in a common-law action.  The questions raised in this suit are mostly settled, in respect to the same code provision for costs, in *Mark v. Buffalo*, 87 N. Y. 184.  In that case the joint liability of both parties upon such a stipulation is clearly established.

It may be that the better and more expeditious remedy in such a case would be by motion in the original cause for each party to pay one half of the costs, as in *Brick v. Fowler*, 61 How. Pr. 153; but in that case the stipulation was that each party should pay *one half* of the fees of the referee, and such was the case in *Bloodgood v. Bloodgood*, 59 How. Pr. 42; and where one party agreed to pay all of the referee's fees, it was enforced by proceedings in contempt. *Fischer v. Raab*, 56 How. Pr. 218.  But the plaintiff may waive, if he sees fit, such summary mode of enforcing the agreement, and afford the defendants common-law rights of defense by action.

2. There is now no distinction in the practice as to striking out a demurrer as frivolous, and overruling it, since the privilege of answering is allowed in either case.  *Diggle v. Boulden*, 48 Wis. 477; *Lerdall v. Charter Oak L. Ins. Co.* 51 Wis. 426.

*By the Court.*— The order of the county court is affirmed, and the cause remanded for further proceedings according to law.