### MEO v. MEO.

(*Supreme Court, Special Term, New York County.* October 11, 1888.)

MARRIAGE—ACTION TO ANNUL—ALIMONY AND COUNSEL FEE.

Alimony and counsel fees *pendente lite* will not be allowed in an action to annul a marriage for fraud, neither Code Civil Proc. § 1769, which provides for such allowance in actions for divorce or separation, nor the Revised Statutes, authorizing it where the validity of the marriage is denied.

At chambers. Application for alimony and counsel fees.

Action by Carmela Meo against Francisco Meo, to annul the marriage on the ground of fraud.

*McKinley & Austarita*, for plaintiff. *Thornall, Squires & Constant*, for defendant.

O'BRIEN, J. This is an application for alimony and counsel fees *pendente lite*, in an action brought by the wife against the husband, and to annul the marriage on the ground of fraud. The defendant resists the motion on the ground of want of power and jurisdiction in the court to grant any alimony or counsel fee in an action of this nature. The plaintiff contends that, whether express power is granted or not by the Code, the right to give the relief in cases of this character rests upon the incidental powers formerly vested in the

court of chancery, to which the supreme court has succeeded, and that an allowance does not depend wholly upon the Code of Civil Procedure, but upon the practice of the courts as it previously existed. · It remains, therefore, to determine whether alimony and counsel fees can be allowed under the Code by any provision of the Revised Statutes, or by the practice of the courts. ·

*First,* as to the Code. It would seem that the provisions of the Code for alimony and counsel fees are limited to actions for divorce and separation. Section 1769 of the Code provides "that where an action is brought as prescribed in either of the last two articles the court may, in its discretion, during the pendency thereof, * * * make or modify an order * * * requiring the husband to pay any sum * * * necessary to enable the wife to carry on or defend the action," etc. The last two articles referred to relate to (*a*) actions for divorce; (*b*) actions for separation,—and therefore it would seem that article 1, which includes "actions to annul marriage," is not included within the provision of the section, and no provision whatever is made by the Code for alimony and counsel fee.

*Second,* as to the Revised Statute. A distinction is seemingly made between actions made by the wife and those brought against the wife to set aside a marriage contract. *North* v. *North,* 1 Barb. Ch. 243, and in the case of *Griffin* v. *Griffin,* 47 N. Y. 134, the learned judge, in delivering the opinion of the court, says: "It is very properly restricted to cases where the wife admits the existence of a valid marriage, and seeks a divorce or separation for subsequent misconduct of the husband. Where she denies the existence of the marriage she cannot consistently claim that the defendant is under any obligation to provide any means to carry on her suit against him."

As to the *third,* the practice of the courts, it would seemingly be against the granting of such allowance. *Bloodgood* v. *Bloodgood,* 59 How. Pr. 42; *Isaacsohn* v. *Isaacsohn,* ·3 Month. Law Bul. 173.

. It is true that the case of *Allen* v. *Allen, ante,* 566, (decided at special term of this court,) is authority for plaintiff's contention, and it would seemingly appear so by the statement of the learned judge in *Anon.,* 15 Abb. Pr. (N. S.) 308, wherein the judge says: "That the court is authorized, in every suit brought for divorce or separation, to require the husband to pay a suitable sum to enable the wife to carry on the suit. No distinction is made between a suit for divorce upon the ground of nullity of the marriage or for any other cause; all are denominated divorces or separations." The Code, however, makes the distinction between cases for divorce and separation, and cases brought to nullify the marriage, and, in view of the expression quoted from the case of *Griffin* v. *Griffin,* and the fact that the Revised Statutes do not provide for such allowances in such actions, and that, as to the practice of the court, the weight of authorities is seemingly against the granting of such relief, I am reluctantly obliged to deny the motion. Had I concluded that the court had the·power, regarding the present case as a proper one, upon the facts disclosed, I would have granted the motion for alimony and counsel fee. No costs.