Filed Oct. 13, 1891.

---

No. 260.

## TRAYLOR *v.* RICHARDSON ET AL.

DIVORCE.—*Allowance Pending Action.*—*Appeal.*—An appeal will lie directly from an order making an allowance to attorneys for services rendered to a wife in an action for a divorce, without awaiting the final judgment in such action.

SAME.—*Order Making Allowance.*—*How Enforced.*—While an order making an allowance may be enforced by the court making it, the person having the right to enforce payment may waive this mode of enforcing his claim and bring an action on the order.

SAME.—*Attorney's Fees.*—*Action for.*—*Defence.*—Where, pending an action for divorce, the court makes an order that the defendant pay to the wife's attorneys a certain sum within a given time to enable her to prepare her case for trial, the fact that subsequent to the order the wife voluntarily dismisses the action and returns to her husband, is no defence to an action on the order, where the defendant has taken no steps to have the order rescinded or modified.

From the Pike Circuit Court.

*J. W. Wilson, T. H. Dillon* and *E. A. Ely,* for appellant.

*A. H. Taylor* and *E. P. Richardson,* for appellees.

BLACK, J.—A demurrer to the complaint of the appellees, for want of sufficient facts, was overruled, and a demurrer to the appellant's answer was sustained.

The facts stated in the complaint, filed in February, 1890, were, in substance, as follows:

The appellees, being attorneys at law and partners in the practice, were employed by the appellant's wife, in June, 1889, to bring and prosecute a suit against the appellant for

divorce and alimony, and to obtain possession of the infant child of the parties to said suit.    To induce the appellees to accept said employment, appellant's wife made certain representations to the appellees, which need not be recited, being the facts alleged to have been stated in a complaint for a divorce which the appellees thereupon prepared, and which they filed in the court below, with an affidavit as to the residence and occupation of said wife.    The appellees caused a summons to be issued by the clerk of said court, requiring the appellant to appear and answer said complaint for divorce at the November term, 1889, of said court, which summons was served by the sheriff of Pike county, by reading the same to the appellant on the 22d of June, 1889.

The appellant's said wife also represented to the appellees that she had no property or means with which to prosecute her said cause ; that she had nothing to pay her said attorneys for their services in her behalf, or to pay her necessary expenses until the next term of said court; that she had no place to live, or friends who could assist her in any manner; and that the appellant was the owner of personal property of the value of $25,000 free of encumbrances.    On the 22d of June, 1889, the appellees prepared an affidavit setting forth these facts, which was sworn to by said wife, and the appellees then gave notice to the appellant, etc.

Pursuant to this notice, at the time and place therein specified, said wife by her said attorneys, and the appellant by his attorney, appeared before the judge of the court below, and the appellees presented a motion for an order awarding to said wife the care and custody of said infant child pending the litigation, and for an allowance for maintenance of herself and child, and to enable her to prosecute her cause against the appellant, and for an allowance for her said attorneys' fees; and said judge, having heard the evidence, made an order in said cause against the appellant, which order, omitting the title of the cause, was as follows :

" On this 24th day of June, 1889, at the hour of 1 o'clock

P. M. of said day, the plaintiff, by Messrs. Richardson and Taylor, her attorneys, came before me in chambers, at Princeton, Indiana, and the defendant, by J. W. Wilson, his attorney, also came; and the plaintiff's motion for an order of court awarding her the custody of their infant child pending litigation, and for an allowance for maintenance of herself and child, and to enable her to prosecute this action, came on to be heard.    The evidence being heard, it is ordered by me that the defendant return their child, Mary T. Traylor, to the plaintiff, and that she be allowed to have the care and custody of their said child until this cause is finally disposed of.    And it is further ordered that the defendant, Thomas J. Traylor, pay the plaintiff, Lizzie, for the support of herself and child, the sum of fifty dollars per month for each month hereafter until the final hearing hereof, said payment to commence on July 1st, 1889, and a like sum of fifty dollars payable on the first day of each month thereafter until this cause is disposed of.    And it is further ordered by me that the defendant pay to the plaintiff the further sum of two hundred dollars, to enable her to prepare her case for trial, said sum of two hundred dollars to be paid by defendant to the plaintiff's attorneys, Messrs. Richardson and Taylor, on or before July 15th, 1889.    It is further ordered that a certified copy of this order be forthwith served upon the defendant by the sheriff of Pike county, Indiana. Witness my signature," etc.

A certified copy of this order was issued by the clerk of said court on the 25th of June, 1889, and the same was served by said sheriff the next day.

Pursuant to this order, the appellant, on the 28th day of June, 1889, delivered to his said wife said child. On the 1st of July, 1889, said wife, without the knowledge of the appellees, compromised her said suit, and signed and caused to be filed and recorded by said clerk a written dismissal thereof. The complaint herein also alleged that said order of said judge remained unappealed from, and was wholly unpaid; that the appellant had not complied with said order, but re-

Traylor *v.* Richardson *et al.*

fused to do so; that said sum of two hundred dollars, as allowed by the court, was a reasonable fee for the services and expenses of the appellees for said wife in her said cause of action against the appellant, that there was due the appellees from the appellant on account of said order a sum stated, and that the same was wholly unpaid. Wherefore, etc.

In his answer the appellant alleged, in substance, that he did not authorize his said wife to employ the appellees, and did not know anything about their employment or their services until he was served with summons in said divorce case; that at the time of rendering said service his said wife had no just cause whatever for divorce; that the representations so alleged to have been made by her to the appellees were false; that after he was served with summons and with a copy of said order, and before the day named in said order for him to pay the attorneys' fees therein named, his said wife, of her own free will and accord, returned to him, and, without any solicitation, direction or request or suggestion on his part, voluntarily filed her written dismissal of said cause with the clerk of said court, in vacation, as averred in the complaint; that notwithstanding her said action said cause was, by said clerk, at the request of the appellees, placed upon the court docket of said court for the November term, 1889, thereof; that on the third judicial day of said term the appellees filed in said cause the affidavit of one of the appellees, named, charging that the appellant had failed to comply with said order by failing to pay to the appellees said attorneys' fee of two hundred dollars therein named, and thereupon an entry was made and entered of record in said cause, which, omitting the title, was as follows:

"Comes now A. H. Taylor and files his affidavit herein of non-compliance of order of court, made in vacation in this case."

It was further alleged that on the eighteenth judicial day of said November term of said court, certain proceedings

were had and entered upon the order book of said court, which entry, omitting the title of said cause, was as follows:

" Comes now the defendant, and on his motion, this cause is stricken off the docket, it having been heretofore dismissed on plaintiff's motion."

It was further alleged that said proceedings in said cause had never been appealed from, set aside or reversed, but remained in full force and effect ; that the appellees were present in person and parties to all said proceedings; that no other steps were taken or proceedings had in said cause, and that the appellees rendered no services in said cause in behalf of appellant's said wife after obtaining said order.

In the statute relating to the subject of divorce is the following provision (section 1042, R. S. 1881) :

" Pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, property, and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof.    *    *    Provided, That such orders shall be made under the same rules and regulations, and upon such notice as restraining orders and injunctions are granted in other civil actions, except that no bond shall be required of either party."

The interlocutory order on which the appellees base their cause was made pursuant to this statute.    It can be made only during the pendency of the suit.    Harrell v. Harrell, 39 Ind. 185.

By such an order the court may make an allowance to attorneys for services rendered to a wife in the action for a divorce.    Musselman v. Musselman, 44 Ind. 106 (119).

The court's action in granting or in refusing such an allowance may be reviewed in an appeal from a final judgment on the merits in the action for a divorce.    Musselman v. Musselman, supra ; Kenemer v. Kenemer, 26 Ind. 330.

An appeal will lie directly from an order making such an allowance, without awaiting the final judgment in the action for a divorce. *Harrell* v. *Harrell, supra; Gruhl* v. *Gruhl,* 123 Ind. 86.

The amount to be allowed is within the sound judicial discretion of the court or judge making the allowance, and such an order will not be reversed on appeal, unless it appears that such discretion was abused. The question before the court upon an application for such an allowance relates to the necessity for it to " insure an efficient preparation of her case and a fair and impartial trial thereof." It matters not whether the allegations of the petition for a divorce be true or false. *Harrell* v. *Harrell, supra; Gruhl* v. *Gruhl, supra.*

In the case before us the court, having jurisdiction of the subject-matter, and of the parties, and proceeding in conformity with the statute, made an order that the defendant in the suit for a divorce pay to the plaintiff's attorneys, naming them, a certain sum on or before a certain date, for the expressed purpose of enabling her to prepare her case for trial. This order was not void. If it was erroneous, the error could not avail the appellant in the case at bar.

The order did not expressly restrict the attorney's fee therein provided for to compensation for services to be rendered by the attorneys in behalf of their client after the making of the order. It should be regarded as an allowance to the attorneys for services rendered and expenses incurred by them generally in the cause.

The client, by compromising and dismissing her cause without the knowledge of her attorneys, could not deprive them of all benefit under the order. In the proceedings in the divorce suit, subsequent to the order, it was not rescinded, or modified. No action appears to have been taken upon the affidavit filed therein by the appellees. If the appellant supposed himself entitled to a rescission of the order, or to a modification thereof, so as to reduce the amount

to be paid thereunder, he should have sought such relief in an appropriate mode.

The statute provides that such an order may be enforced by attachment by the court, or judge, making it.    A person having a right to enforce payment of money by proceedings in contempt, may waive, if he sees proper, such summary mode of enforcing his claim, and afford the defendant common-law rights of defence by action.    See *Malone* v. *Roby,* 62 Wis. 459, 462.

.The order stated to whom the appellant should pay the money, a certain sum, and within what time it should be paid.    It constituted a debt of record.    It concluded the appellant as to the propriety and necessity of making it, and as to the amount to be paid.

If the appellant is compelled to pay a larger amount than the court would have required under a motion to modify the order, this is not a good defence to an action on the order.

The judgment is affirmed, with costs.

Filed June 24, 1891 ; petition for a rehearing overruled Oct. 3, 1891.