PRINCETON COAL AND MINING COMPANY ET AL.
v. GILCHRIST ET AL.

[No. 8,139.   Filed October 10, 1912.]

1. MOTIONS.—*Motions Affecting Merits of Action.—Appearance.*— A motion affecting the merits of an action can only be made on full appearance to the cause.   p. 220.

2. APPEARANCE.—*Motion for Change of Venue.—Effect.*—A motion for a change of venue recognizes the jurisdiction of the court over the persons who join in the motion and invoke the aid of the court in that behalf, and the filing of such a motion is an admission of jurisdiction.   p. 220.

3. PLEADING.—*Plea in Abatement.—Sufficiency.*—A plea in abatement on the ground that another action involving the same matters is pending in another court, is insufficient, where it is not averred that the parties to the prior action are the same as the parties to the pending action.   p. 220.

4. MANDAMUS.—*Form of Action.—Parties.*—An action in the nature of mandamus to compel a clerk to issue an execution on a judgment, must be brought by the State on relation of the party seeking the relief.   p. 221.

5. EQUITY.—*Decree and Enforcement.—Bill to Carry Decree Into Execution.*—A bill in equity to carry an existing decree into execution will be sustained under circumstances which render the further aid of the court necessary; and even a person, not a party to the decree, when his rights are affected by it, may resort to the remedy.   p. 221.

6. ATTORNEY AND CLIENT.—*Compensation of Attorney Included in Amount of Judgment.—Enforcement of Judgment.—Bill in Equity.*—Where, in an action by a minority stockholder against the majority stockholders to recover an amount due from them to the corporation, the judgment against defendants required them to pay the money to the clerk of the court to be by him paid to the corporation after paying a stipulated amount to such minority stockholder's attorneys, and the judgment was thereafter satisfied at the instance of the corporation without paying the part awarded to the attorneys, such attorneys were entitled to recover the amount so awarded to them by a bill in equity to carry the judgment into execution.   p. 221.

7. EQUITY.—*Proceeding to Carry Decree Into Execution.—Jurisdiction.*—Jurisdiction in an equitable proceeding to carry a decree into execution is in the court entering the original decree.   p. 222.

8. CORPORATIONS.—*Stockholders.—Action Against Stockholders for Benefit of Corporation.—Attorneys' Fees.*—In a suit by a minor-

ity stockholder against the majority stockholders to require the payment by them of money wrongfully withheld from the corporation, the court had authority to provide in its decree against defendants that a specified sum out of the fund recovered should be paid to such minority stockholder's attorneys for their services. p. 223.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Alexander Gilchrist and others against the Princeton Coal and Mining Company and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Charles E. Barrett, Fred E. Barrett* and *John T. & Will H. Hays,* for appellants.

*John H. Miller, Lucius C. Embree* and *Morton C. Embree,* for appellees.

ADAMS, P. J.—This was an action by appellees against appellants and Joseph O'Brien, clerk of the Pike Circuit Court. The action relates to a former suit, wherein Steele F. Gilmore was plaintiff and the appellants were defendants, and in which appellees herein were attorneys for Gilmore, a minority stockholder in the Princeton Coal and Mining Company. Gilmore charged that appellants Ogle and Hubbard, who owned a majority of the stock, were largely indebted to the company, and refused to pay said indebtedness. The action was begun in the Gibson Circuit Court, and venued to the Pike Circuit Court, where, on May 12, 1904, final judgment was rendered, decreeing that Ogle and Hubbard each pay into the hands of the clerk of the Pike Circuit Court the sum of $9,362.50, out of which the clerk was required to pay plaintiff Gilmore's attorneys, who are the appellees herein, the sum of $1,000, as expenses and attorney's fees, and to pay the remainder to the treasurer of the Princeton Coal and Mining Company. It was further adjudged that in case either Ogle or Hubbard failed to make such payment within 120 days, execution should issue, and on collection being made, the clerk should pay $1,000 thereof to said plaintiff's attorneys. An appeal was taken to the

Appellate Court of Indiana, where the judgment of the Pike Circuit Court was in all things affirmed. *Princeton Coal, etc., Co.* v. *Gilmore* (1906), 76 N. E. (Ind. App.) 787. From this judgment of affirmance an appeal was taken to the Supreme Court, under the third clause of §1394 Burns 1908. While the appeal was pending, Gilmore sold his stock, and thereafter, at a special meeting of the shareholders, a resolution was unanimously adopted, wherein it was recited that the findings of the circuit court were untrue; that the decree was unjust; that Hubbard and Ogle did not owe the money, and should not be required to pay the same, and that the judgment should be satisfied. At this meeting all the shareholders were present in person or by proxy. Ogle and Hubbard owned and voted 1,000 shares of the 1,150 shares issued and outstanding. Ogle also held the proxy of the then owner of the Gilmore shares. On the same day a similar resolution was adopted by the directors of the mining company, and an agent appointed to satisfy and release the judgment of record. Acting on this authority, the agent and attorney in fact did enter on the record of the Pike Circuit Court full satisfaction of the judgment. When these facts were brought to the attention of the Supreme Court, the court decided that as between Ogle and Hubbard and the mining company, the release and satisfaction of the judgment left nothing for its decision but moot questions, and dismissed the appeal, but expressly declined to determine what effect the release and discharge of the decrees had as against any person or persons, not parties to the appeal, claiming any right or interest in, or lien on, said decrees or the proceeds thereof. *Princeton Coal, etc., Co.* v. *Gilmore* (1908), 170 Ind. 366, 83 N. E. 500.

The action from which this appeal is taken was commenced in the Pike Circuit Court. By their amended complaint, appellees show in detail the facts leading up to the release and satisfaction of the judgment, and that the clerk of the Pike Circuit Court had refused to issue an execution

on said judgment, as the same appeared to be released and satisfied of record. The prayer is that the court decree that the judgment against Ogle and Hubbard, to the extent of $1,000 and interest from the date of rendition, is in full force, that the plaintiffs are entitled to execution thereon against the property of Ogle and Hubbard, and that the clerk be ordered and directed to issue such executions on the request of plaintiffs.

The court sustained demurrers to the several pleas in abatement, overruled appellants' demurrer to the amended complaint, and sustained appellees' demurrer to appellants' answer. Appellants declining to plead further, and electing to stand on their exceptions to the several rulings of the court, it was adjudged and decreed that the judgment of the Pike Circuit Court, entered on May 12, 1904, is in full force and wholly unsatisfied to the extent of $1,000 and interest from that date; that plaintiffs are entitled to receive and collect said sum, and have executions on said decree and judgment against the property of Ogle and Hubbard respectively as in said decree prescribed; that defendant Joseph O'Brien, as clerk of the Pike Circuit Court, and his successors in office, are ordered by the court to issue execution in obedience to the precipe theretofore filed with him by plaintiffs before the commencement of this action, or on the future order of plaintiffs.

After filing the appeal bond in the Knox Circuit Court to which the cause was venued, and in which it was tried, Alfred M. Ogle died testate, and the executors of his will have been substituted as appellants herein by the order of this court.

The Princeton Coal and Mining Company, Willard W. Hubbard and the executors of the last will of Alfred M. Ogle separately assign error, and said executors and Hubbard jointly assign error. These errors may be reduced to the following propositions: (1) The sufficiency of the joint and several pleas in abatement; (2) the sufficiency of the

amended complaint; (3) the sufficiency of the answers of Ogle and Hubbard to the amended complaint.

It is averred in the joint plea in abatement of Ogle and Hubbard that neither is a resident of Pike county, that the Pike Circuit Court has no jurisdiction of their persons, and that the action should therefore abate.

Pending a ruling on this plea, Ogle "for and on behalf of the defendants", filed a motion for a change of venue from Pike County, which motion was sustained by the court, and the venue of the action changed to Knox county. Appellees insist that Ogle and Hubbard, by filing the motion for a change of venue, entered a full appearance, and could not therefore question the jurisdiction of the Pike Circuit Court over their persons. Whether the filing of a motion for a change of venue constitutes a full appearance, has never been directly decided by the courts of this State. The rule seems to be that where a motion goes to the merits of the action, the same must be made on full appearance. A motion for a change of venue, while not strictly affecting the merits of the action, necessarily recognizes the jurisdiction of the court over the persons who join in the motion and invokes the aid of the court in that behalf. The filing of such a motion has been held to be an admission of jurisdiction. *Feedler* v. *Schroeder* (1875), 59 Mo. 364; *Baisley* v. *Baisley* (1893), 113 Mo. 544, 21 S. W. 29, 35 Am. St. 726.

Ogle filed a separate plea in abatement on the ground that an action involving the same matters was pending in another court. Without setting out this separate answer in abatement, it is sufficient to say that it was clearly bad on account of uncertainty. Passing over the averments which are mere conclusions, it is not shown by any averment that the parties to the prior action are the same as the parties to the pending action. *Needham* v. *Wright* (1895), 140 Ind. 190, 195, 39 N. E. 510; *Paxton* v.

*Vincennes Mfg. Co.* (1898), 20 Ind. App. 253, 260, 50 N. E. 583.

The sufficiency of the complaint must be determined in part by determining its theory. If, as appellants contend, the action is one of mandate, to compel the clerk of the Pike Circuit Court to issue an execution on the judgment of May 12, 1904, then appellants are right, as the action is not brought by the State of Indiana, on the relation of appellees, and the weakness of the complaint is apparent.

Appellees, however, insist that the action is not for a mandate, but is in the nature of a bill in equity to carry an existing decree into execution. Such a proceeding is an unusual one, but one that is recognized by the decisions and texts. In *Linton* v. *Potts* (1840), 5 Blackf. 396, 399, the court said: "Bills to carry a former decree into execution are sometimes resorted to, though they are not very common, nor do the principles governing them seem to be distinctly defined. Elementary writers of good authority, however, lay down the law to be, that such bills will be sustained, when, from the neglect of the parties, or some other cause, subsequent events have intervened, which render the further aid of the Court necessary; and even a person not a party to the decree, when his rights are affected by it, may resort to this remedy. Mitf. Pl. [Mitford, Ch. Pl.] 95; Cooper, Eq. Pl. 99; Story, Eq. Pl. [10th ed.] §343."

In Puterbaugh, Ch. Pl. and Pr. 279, the nature of bills to carry decrees into execution is considered, and it is said: "Sometimes from the neglect of parties or some other cause, it becomes impossible to carry a decree into execution without the further decree of the court. This happens, generally, in cases where parties having neglected to proceed upon the decree, their rights under it become so embarrassed by variety of subsequent events, that it is necessary to have

the decree of the court to settle and ascertain them. Sometimes, such a bill is exhibited by a person who was not a party, or who does not claim under any party to the original decree, but who claims in a similar interest, or who is unable to obtain the determination of his own rights, till the decree is carried into execution.'' See, also, Story, Eq. Pl. (10th ed.) §429; *Root* v. *Woolworth* (1893), 150 U. S. 401, 411, 14 Sup. Ct. 136, 37 L. Ed. 1123. It will, therefore, be seen that there is ample authority for holding such a form of action good. We think the complaint before us comes within the letter as well as the reason for the rule, and that there was no error in overruling the demurrer thereto. The action being an equitable proceeding to carry a decree into execution, it follows that jurisdiction was in the court entering the original decree. *Griffin* v. *Spence* (1881), 69 Ala. 393; *Indiana, etc., R. Co.* v. *Williams* (1864), 22 Ind. 198; *Gregory* v. *Perdue* (1867), 29 Ind. 66; *Scott* v. *Runner* (1896), 146 Ind. 12, 44 N. E. 755, 58 Am. St. 345.

The separate answers of the Princeton Coal and Mining Company, Ogle and Hubbard are identical, and set out *in extenso* the pleadings, findings and judgment in the action brought by Gilmore, the opinion of the Appellate Court affirming the judgment, the opinion of the Supreme Court dismissing the appeal, the record of the proceedings of the shareholders' meeting and directors' meeting, and the release and satisfaction of the judgment by the authorized agent of the corporation.

Without here considering the arrogant humor of the shareholders' resolution, wherein the court was rebuked and reversed, the obvious fact remains that the Princeton Coal and Mining Company, for whose benefit the action was originally waged, has released the judgment in so far as it was possible for that corporation to release it. If the judgment was the property of the mining company, and if appellees had no enforceable claim to any part thereof, the re-

lease was regular and sufficient, regardless of the number of shares owned by Ogle and Hubbard. But if the court in the original action was authorized to award counsel fees, and the award constituted a present and actual interest in the judgment or the proceeds thereof, and was not conditional nor contingent, then the release did not operate as against such allowance, and the judgment in the case at bar must be affirmed.

The judgment against Ogle and Hubbard was for $18,725, and was to be paid to the clerk of the court, who was directed to pay $1,000 thereof to appellees, and the balance to the treasurer of the company. The judgment further provided that on failure to pay within the time named, execution should issue. The judgment of affirmance of the Appellate Court was vacated by the appeal to the Supreme Court, where the appeal was dismissed. At the time of the release, the judgment of the Pike Circuit Court was in full force, unreversed and unappealed from. Whether the judgment was right or wrong is of no present concern, if the court had jurisdiction to hear and determine the cause and make the allowance. The power to decide implies the power to decide wrongly as well as rightly; otherwise, there would be no reason for appellate tribunals. The controlling question therefore, is, Had the court jurisdiction to award counsel fees and provide for the payment of the same out of the proceeds of the judgment? If the court had such jurisdiction, the award cannot now be questioned collaterally.

8. It will be recalled that the original action was a suit in equity by Gilmore, a minority stockholder, to recover for the corporation a large sum of money owing by Ogle and Hubbard, who controlled the corporation. The judgment is not seriously challenged, except as to the award of counsel fees, and then only to the extent that there was no fund in the custody of the court out of which the allowance could be made. The question, as presented by the facts before us, is not free from doubt, but we think the rule

is and ought to be that equity will regard that as done which should be done; that when a fund is ordered to be paid into court, the same will be deemed from that moment to be in the custody of the court for such further orders as the court shall make in regard to its application and distribution.

We think it clear that in an equitable proceeding by a minority stockholder to require those in control of the affairs of a corporation to restore to it property or money wrongfully withheld, the court in its decree may provide, that plaintiff be reimbursed, out of the fund recovered, for his costs, charges and counsel fees; and we fail to see any substantial difference between an action of this kind and one brought by a receiver for the same purpose, in which the power of the court to make such allowance is undoubted. 3 Cook, Corporations (6th ed.) §879; *Trustees* v. *Greenough* (1881), 105 U. S. 527, 26 L. Ed. 1157; *Fox* v. *Hale & Norcross, etc., Mining Co.* (1895), 108 Cal. 475, 41 Pac. 328; *Kimble* v. *Board, etc.* (1904), 32 Ind. App. 377, 66 N. E. 1023.

It has been held by the United States Supreme Court, as well as by this court, that in an action where an allowance may properly be made to the complainant on account of attorneys' fees, the same may be made directly to the attorneys. *Central R., etc., Co.* v. *Pettus* (1885), 113 U. S. 116, 124, 5 Sup. Ct. 387, 28 L. Ed. 915; *Traylor* v. *Richardson* (1891), 2 Ind. App. 452, 28 N. E. 205. In *Central R., etc., Co.* v. *Pettus, supra,* the court said: "When an allowance to the complainant is proper on account of solicitors' fees, it may be made directly to the solicitors themselves, without any application by their immediate client."

*Traylor* v. *Richardson, supra,* was an action for divorce, in which fees had been allowed and ordered paid direct to counsel *pendente lite.* Subsequently the case was dismissed without decree. The defendant did not pay the counsel fees awarded, and a separate action was brought to recover the same. The judgment of the trial court for the

Cleveland, etc., R. Co. *v.* Colson—51 Ind. App. 225.

amount of the allowance was affirmed by this court, although the statute only authorized the making of such orders, relative to expenses, as would insure the wife an efficient preparation of her case, and a fair and impartial trial thereof.

There was no error in sustaining appellees' demurrer to the separate answers of appellants, and, for the same reasons, there was no error in overruling the separate motions to modify the judgment.

The judgment is therefore affirmed.

Note.—Reported in 99 N. E. 426. See, also, under (2) 3 Cyc. 508; (3) 31 Cyc. 180; (4) 26 Cyc. 396; (5) 16 Cyc. 500; (6) 4 Cyc. 997. As to pleas in abatement, on ground of prior suit pending when the two suits vary as to parties, see 82 Am. St. 593. As to attorneys' fees as an element of damage, see 8 Am. St. 158.