## MARY J. ROSE v. HENRY F. ROSE.

*Refusal to pay alimony.*

1. Temporary alimony is properly allowed even where the wife has independent property of her own, if in her application therefor she shows what her property is and that her income from it is insufficient for her support.

2. The amount of temporary alimony to be allowed must be left to the discretion of the trial court, and the order therefor is not subject to appeal unless such discretion has been abused.

Appeal from the Superior Court of Detroit. (Chipman, J.) April 24.—April 30.

DIVORCE bill. Defendant appeals. Affirmed.

*Fraser & Gates* for complainant.

*Geo. S. Hosmer* (*Dickinson, Thurber & Hosmer*) for defendant appellant. Temporary alimony need not be allowed where the wife has sufficient property on which she can raise funds: 2 Bish. Mar. and Div. § 394; *Lewis v. Lewis* 3 Johns. Ch. 519; *Bartlett v. Bartlett* Clarke 460; *Logan v. Logan* 2 B. Mon. 142; *Holmes v. Holmes* 4 Barb. 295; *Wright v. Wright* 6 Tex. 29; *Methvin v. Methvin* 15 Ga. 97; *Pinckard v. Pinckard* 22 Ga. 31.

CHAMPLIN, J. This is an appeal from an order adjudging defendant guilty of contempt in not obeying the order of the court below respecting the payment to complainant of an allowance, during the pendency of the suit, in the nature of temporary alimony and expenses. There are two errors alleged: *first*, that as complainant had separate property no temporary alimony or expenses are authorized; *second*, that in any event the sum awarded is excessive under the circumstances of the case.

The record shows that the complainant is possessed, in her own right, of real estate of considerable value, but that it is encumbered, and produces an income of less than two hundred dollars annually, and that she has no other income or resource; that the defendant has capital employed in a partnership business of between two and five thousand dollars; and that he derives an income from his business of about two thousand dollars a year.

Under these facts the defendant relies upon the case of *Ross v. Ross* 47 Mich. 185. But counsel has entirely misconceived the principle of the opinion in that case. It certainly affords no support to the position taken by defendant in this case. In *Ross v. Ross* the complainant nowhere alleged or intimated that she had no property, and for anything that appeared she might have had abundant means wherewith to support herself and children and carry on the suit; and therefore there was no showing upon which an order for alimony and expenses could be based. Here the complainant has made a satisfactory showing of her financial condition, from which the court can judge of the necessity of making her an allowance under the statute for temporary

alimony and expenses, and we think the court below was fully justified in making the allowance in question.

Upon the second point made against the order appealed from, we remark—*first*, that it does not form a valid ground for appeal. The amount to be paid is discretionary with the court below; and nothing short of a plain showing of an abuse of discretion would authorize an appeal from an order made in such case; and *second*, we remark further, that the record shows satisfactorily that the sum awarded was not excessive but very reasonable in amount.

The order appealed from must be affirmed with costs, and an extra allowance of fifty dollars on this appeal must be paid by defendant to complainant, and the cause must be remanded to the Superior Court of the city of Detroit for further proceedings.

The other Justices concurred.