Gruhl v. Gruhl.

Filed April 2, 1890.

---

No. 14,105.

GRUHL v. GRUHL.

DIVORCE.—*Preliminary Hearing.*—*Allowance to Wife.*—*Discretion of Court.*—*Appeal.*—Under section 1042, R. S. 1881, the *nisi prius* court has discretionary power, in an action for divorce, to make an order requiring the husband to pay into court a sum of money for the wife's use, and with which to employ attorneys to prosecute her action. From such an order an appeal may be taken ; but an order so made will not be re-

Gruhl v. Gruhl.

versed unless it is made to appear that the court has abused its discretion.

SAME.— *Wife's Mental Condition.—Character of Charges in Complaint.—Not to be Considered on Preliminary Hearing.*—Where the court, after making an allowance as provided for in section 1042, R. S. 1881, grants a rehearing, and on the rehearing affidavits are introduced to show that the wife was a monomaniac, and that the charges in her complaint were altogether creatures of her disordered imagination, the questions as to the wife's mental condition and as to the truth or falsity of the charges in her complaint, were questions for the final hearing, and not to be considered in passing upon the preliminary motion. If proper to be considered in determining the preliminary motion, they could only be considered in determining the amount of the allowance to be made by the order.

SAME.—*Separate Property of Wife.— When Allowance Should be Made Notwithstanding.*—Where the husband, on a preliminary hearing for an allowance, charges that the wife is a person of unsound mind, the fact that she has separate property and that he tenders his consent to join with her in mortgaging or transferring said property to raise money with which to enable her to prosecute her divorce case, is not sufficient to justify the court in refusing to make such allowance.

From the Bartholomew Circuit Court.

*S. Stansifer, C. S. Baker* and *S. L. Hitchcock,* for appellant.
*C. J. Kollmeyer* and *J. C. Orr,* for appellee.

BERKSHIRE, J.—This is an appeal from an interlocutory order made by the court below.

The appellee brought an action of divorce against the appellant, and upon her application the court made an order requiring the appellant to pay into court for the appellee's use, and with which to employ attorneys to prosecute her said action, the sum of $100.

Afterwards, upon an additional showing made by the appellant, the allowance was reduced one-half.

Section 1042, R. S. 1881, gives to the court discretionary power to make such orders and allowances as the one appealed from, and from such an order there exists the right of appeal; but an order so made will not be reversed unless it is made to appear that the court has abused its discretion.

Upon the showing which preceded the original order made

by the court, the allowance which the court made was a very reasonable one. After having made the order we do not think the court was required to grant a rehearing to either party.

Upon the issue made by the motion the parties were given their day in court, and when the order was made, unless bad faith was made to appear to the court, it had the right to regard its order as final. But this the court did not do. The appellant desired a further hearing of the motion, and to make a further showing, which the court granted, and upon the second hearing reduced the original allowance one-half. The action of the court in this particular goes very far to show that the court had no disposition to exercise its discretionary power arbitrarily to the prejudice of the appellant.

On the second hearing the appellant introduced and read affidavits with a view to showing that the appellee was a monomaniac, and that the charges in her complaint were altogether creatures of her disordered imagination, and contended that the court should have made no preliminary order, but should have suspended its judgment until the final hearing.

But the question whether or not the charges were true or imaginary was a question for the final hearing, and did not enter into the determination of the preliminary motion, and hence the court could not consider it in advance of its time. The court could determine no question relating to the merits of the controversy except on the final trial, when ample opportunity would be afforded to examine and cross-examine witnesses.

The affidavits were mere *ex parte* statements, limited in their compass.

But let it be conceded that the questions as to the mental condition of the appellee and the truth of the charges made in her complaint were matters for the court to consider in determining the preliminary motion, they could only be con-

sidered in determining the amount of the allowance to be made by the order, for the action would have to be tried on its merits, no difference what the court's conclusion might be as to the preliminary motion.

But it is contended that the appellee had separate property sufficient to have enabled her to employ counsel, and that as the appellant tendered his consent to join with her in mortgaging or transferring said property to raise money with which to prosecute her divorce case, the court erred in ordering the appellant to pay anything for that purpose. But it must not be forgotten that the appellant was most earnestly insisting that the appellee was a person of unsound mind, and with a knowledge of that fact it would have been very difficult for the appellee to obtain money by either a mortgage or transfer of her property.

The order as finally made, and especially following as it did the first order, was eminently proper and just to the appellant. If any one had cause to complain it was the appellee.

Order affirmed, with costs.

Filed April 3, 1890.