|141|305|
|149|467|
|149|468|
|149|470|

No. 17,519.

## SELLERS *v.* SELLERS.

DIVORCE. —*Vacation Order.* — *Maintenance, etc.* — *Bill of Exceptions, Time for Filing.*—*Quære,* Where an exception is taken to an allowance, in a divorce proceeding, by the judge in vacation, has the judge power to grant time in the future when a bill of exceptions can be filed?

SAME.—*Right of Wife to Maintenance and Means to Make Defense.*—*Discretion.*—In such case, where the affidavits and proofs as to the right of the wife to maintenance from her husband pending the suit, and for means with which to make her defense, show that the only property she had was a promissory note of doubtful value, and a house and lot of the value of from $600 to $1,200, and subject to a tax lien, the court was justified in making the wife an allowance, it being a matter largely in the discretion of the trial court; and the abuse of discretion must be very clear before the Supreme Court will interfere with its exercise.

From the Huntington Circuit Court.

*J. T. Alexander* and *C. W. Watkins,* for appellant.

*M. L. Spencer* and *W. A. Branyan,* for appellee.

McCABE, C. J.—The appellant sued the appellee for a divorce.

The appellee moved the court for a temporary allowance to enable her to prepare and try the case and for maintenance during the litigation, supported by affidavits under the statute. Burns R. S. 1894, section 1054, R. S. 1881, section 1042.

The court heard the application for such temporary allowance in vacation at chambers and allowed the appellant thirty days in which to prepare and file a bill of exceptions. The bill of exceptions was three days afterwards signed and filed, setting forth the affidavits and evidence on which the order was ·made. The court ordered the appellant, the plaintiff, to pay to the clerk of

the court for the support of the defendant the sum of $4 per week until the further order of the court therein and also pay to said clerk the sum of $20 for the defendant's attorneys.

From this interlocutory order this appeal is prosecuted and such order is assigned as the only error complained of. An appeal lies from such an order. *Gruhl* v. *Gruhl,* 123 Ind. 86; *Traylor* v. *Richardson,* 2 Ind. App. 452.

The ground of the complaint against the order is that the affidavits and proofs show that the appellee, the wife, had sufficient means of her own for her own maintenance and to pay the expense of making her defense. It has been held that where a wife has ample means or credit with which to procure funds sufficient for the purposes of making her defense and her present support, it is improper to require her husband to furnish money for such purposes pending the litigation. *Kenemer* v. *Kenemer,* 26 Ind. 330.

The facts upon which the court based the order are contained in what purports to be a bill of exceptions, whether legitimately a part of the record or not, may admit of some question. It is doubtful if the judge in vacation had power to grant time in the future when a bill of exceptions could be filed. The statute already cited, authorized expressly the court to make such an allowance in vacation, and possibly, by implication, authorized him to sign a bill of exceptions, but it is not clear that authority is implied to extend the time or grant time in vacation for the future preparation and filing of a bill of exceptions. Elliott App. Proced., section 803, and authorities there cited; 2 Elliott Gen. Prac., section 1080, and authorities there cited; *Whitworth* v. *Sour,* 57 Ind. 107; *Robinson* v. *Johnson,* 61 Ind. 535.

But waiving this question and treating the bill of ex-

ceptions as properly in the record, there does not appear to have been any error committed by the trial court.

This court will only review an order of this kind when there is an abuse of discretion by the trial court.

It was said of such an order in *Henderson* v. *Henderson,* 110 Ind. 316 (319–20): "Besides, the allowances complained of are, of necessity, largely within the discretion of the trial court, 'and the abuse of that discretion must be very clear indeed, to justify this court in interfering with its exercise.' *Powell* v. *Powell,* 53 Ind. 513; *Conn* v. *Conn,* 57 Ind. 323; *Eastes* v. *Eastes,* 79 Ind. 363; *Buckles* v. *Buckles,* 81 Ind. 159; *Logan* v. *Logan,* 90 Ind. 107."

To the same effect is *Gruhl* v. *Gruhl, supra.*

The allowance there was for $100 for attorneys' fees for the wife, which, on reconsideration, was reduced to $50, and the showing, on affidavit, was that she had separate property sufficient to have enabled her to employ counsel, and that as appellant tendered his consent to join with her in mortgaging or transferring said property to raise money with which to prosecute her divorce case, it was contended that the court erred in that case in making the allowance. But it was held that in as much as the husband was insisting that the wife was of unsound mind, and, with knowledge of that fact, it would have been difficult for the wife to obtain money by either a mortgage or transfer of her property. It was said in that case if any one had cause to complain of the order it was the wife.

In the case before us, the affidavits and proofs tended to show that the only property the wife had was a promissory note of $50, of doubtful value, executed to her by one Mrs. Wilson, and a house and lot in the town of Kenton, Ohio, of the value of $1,200, subject to the tax

lien, though the wife's proofs show it to be worth only about $600.

We think the evidence contained in the bill of exceptions justified the conclusion, on the part of the court, that her property would not yield money soon enough, or was not in a situation to enable her to raise money thereon soon enough to make her defense against her husband's suit and for her present maintenance. There was certainly no abuse of the court's discretion shown in making the order.

The judgment is affirmed.

Filed May 14, 1895.