Ellis *v.* The City of Indianapolis *et al.*

ELLIS *v.* THE CITY OF INDIANAPOLIS ET AL.

[No. 17,923. Filed May 25, 1897.]

PLEADING.—*Amendment.*—*Practice.*—Where a demurrer is sustained to an original complaint and no appeal is taken from such ruling, such pleading, whether called a complaint or an amended complaint, is out of the record. *p. 72.*

SAME.—*Amended Complaint.*—*Practice.*—Where a complaint to which a demurrer has been sustained is refiled without any changes being made therein, the ruling on the demurrer to the original complaint applies equally to the unchanged "amended complaint," and it is also wholly out of the record. *pp. 72, 73.*

SAME.—*Supplemental Complaint.*—*Practice.*—Where, at the time of filing a supplemental complaint, the original and amended complaints were out on demurrer, such supplemental complaint has nothing to stand upon, and cannot of itself be made the foundation of an action. *p. 73.*

From the Marion Circuit Court. *Affirmed.*

*W. V. Rooker* and *W. D. Bynum,* for appellant.

*A. G. Smith* and *C. A. Korbly,* for appellees.

HOWARD, J.—On September 11, 1895, the appellant, "for and on behalf of himself and all other citizens of Washington township, in Marion county, in the State of Indiana, said citizens being too numerous to join as plaintiffs herein," filed his complaint to enjoin the appellees, being the city of Indianapolis, its board of public safety and the Indiana State Board of Agriculture, from appointing peace officers for the State fair grounds, situated in said Washington township and adjoining the said city of Indianapolis.

A temporary restraining order seems to have been issued by the court on the filing of the complaint. On September 12, 1895, the appellees filed their motion to

dissolve the restraining order; which motion, on September 14, 1895, was sustained, and the restraining order was dissolved and set aside.

On September 28, 1895, the several appellees filed their separate demurrers to the complaint; which demurrers, on October 14, 1895, were sustained by the court.

On November 19, 1895, the appellant filed what is called "his amended complaint," but which is the original complaint refiled. On the same day he filed a supplemental complaint. In the supplemental complaint it is alleged, that since the filing of the original complaint the Indiana State Board of Agriculture had given an exhibition under the name of the "Indiana State Fair," on the said State fair grounds; that numerous persons, including children, youths and women, had attended the fair; that unlawful and immoral exhibitions were permitted upon said grounds; that the police officers appointed by appellees failed to prevent or repress such unlawful exhibitions; that the said state board threatened to repeat said State fair in September, 1896, and to permit the repeating of said unlawful and degrading exhibitions, and again to send police officers to said grounds in said township, unless enjoined from so doing.

On January 6, 1896, the appellees demurred to the supplemental complaint, and on January 7, 1896, this demurrer was sustained.

On March 10, 1896, the appellee, State Board of Agriculture, moved the court "to render final judgment for the defendants herein on the demurrer to the supplemental complaint;" and under date of March 12, 1896, the following final entry is shown in the record:

"Come again the parties by counsel, and the court having heretofore sustained the demurrer of the defendants to the amended and supplemental complaint

herein, the plaintiff elects to stand by the said complaint and declines to plead further. It is, therefore, considered and adjudged by the court, that the plaintiff take nothing by his action," etc.

The recital in this final entry, to the effect that the court had theretofore sustained the appellees' demurrer to "the amended and supplemental complaint," is quite unsatisfactory. A reference to the record as originally filed, and also as completed by *certiorari,* fails to show any demurrer to an amended complaint. Demurrers to the original complaint were sustained on October 14, 1895, and a demurrer to the supplemental complaint was sustained on January 7, 1896. No other demurrers are shown in the record. The recital as to a demurrer to the amended complaint must therefore be an error of the clerk in making up the final entry.

The record is irregular in other respects. What is called the "amended complaint," filed November 19, 1895, is not an amended complaint. It is the original complaint refiled, word for word. The paper so filed forms no part of the record, as apart and distinct from the original complaint. The court had sustained a demurrer to the original complaint, and as no appeal was taken from that ruling, the original pleading, whether called a complaint or an amended complaint, is out of the record for every purpose. The ruling on the demurrers to the original complaint applies equally to the unchanged "amended complaint," and it is also wholly out of the record.

Even if the amended complaint were but slightly or informally changed from the original, so as not to introduce a new cause of action or to change the issues, it would not have been error to refuse to allow a demurrer to be filed to such new pleading.

In 6 Ency. Pl. and Prac. 381, citing *Board, etc.,* v.

*O'Connor*, 137 Ind. 622, and *Stanton* v. *Kenrick*, 135 Ind. 382, it is said: "When an amendment is merely formal and does not introduce a new cause of action, so as to render a disturbance of the issues necessary, it has been held that it is not error to refuse to permit a demurrer to be filed to the amended pleading. So, also, when a complaint is amended after demurrer filed, but the amendment does not change the issues, the court may refuse to allow another demurrer to be filed." Still more in the case before us, where the "amended complaint" was identical with the original, no demurrer would have been heard to the re-filed pleading; it was out under the ruling sustaining the original demurrer.

It therefore appears that at the time of the filing of the "supplemental" complaint, there was no complaint on file to which it could be supplemental. Indeed, the pleader himself, in writing his supplemental complaint, does not seem to have recognized the "amended" complaint as distinct from the original. The so-called amended complaint is nowhere referred to, but the pleading is strictly, and by express reference, made supplementary to the original complaint. But the original complaint was out on demurrer, and, as said in *Stanton* v. *Kenrick, supra*, "if the demurrer to the original complaint was good, it was good also to the amended complaint." The supplemental complaint had nothing to stand upon, and could not of itself be the foundation of an action.

It may be questioned, however, whether the defective pleading was properly attacked by demurrer. It is said in 6 Ency. Pl. and Prac. 382, that "a demurrer cannot be filed to original and supplemental complaints separately, but should go to both as a whole, as a supplemental pleading is merely an addition to the original." See also *Peters* v. *Banta*, 120 Ind. 416.

The proper action would perhaps have been a motion to strike out the supplemental, and also the "amended" complaint, and for judgment on the demurrers to the original complaint. The end reached by the court, however, was the same as if this had been done, and we do not think there was any available error. *Denton* v. *Thompson*, 136 Ind. 446, at p. 455; *Blue* v. *Capital Nat'l Bank*, 145 Ind. 518, and authorities there cited.

No question therefore being presented as to any ruling of the court, the judgment is affirmed.