## McCue *v.* McCue.

[No. 18,411. Filed February 16, 1898.]

DIVORCE.—*Allowance Made to Wife During Pendency of Action.— Discretion of Court.*—The trial court has power in divorce cases to make such allowances and orders as may be deemed necessary to enable the wife to prepare for and secure a fair and impartial trial, and also for her support during the pendency of the action, and such orders are within the discretion of the court and will not be reversed unless a clear abuse of such discretion is shown. *p. 467.*

SAME.—*Allowance Made to Wife.—Evidence.—Sufficiency.*—Evidence given in a divorce suit in support of an interlocutory order for an allowance of $100.00 for the use and support of the wife during the pendency of the suit, to the effect that plaintiff had been compelled.

by her husband's cruel and inhuman treatment and failure to make any provision for her support, to abandon him; that she was wholly destitute and owned no property except a small house and lot from which she derived an income of but little more than enough to pay repairs and taxes thereon, and that defendant was worth almost $10,000 and amply able to pay such sum, was sufficient to sustain the action of the court in making such allowance. *pp. 467, 468.*

DIVORCE.— *Allowance Made to Wife During Pendency of Action.*— *Answer.*—An answer by defendant to an application by plaintiff for an allowance for her support during the pendency of a divorce proceeding, alleging that he had furnished a house and proper support for plaintiff and that he was willing for her to return to his home, and that he would furnish her with comfortable maintenance, was properly disregarded by the court where plaintiff alleged in her complaint that she had been compelled by her husband's cruel and inhuman treatment, and by his failure to make any provision for her support, to abandon him. *pp. 468-470.*

From the Johnson Circuit Court. *Affirmed.*

*David L. Wilson, Will A. Yarling, R. M. Miller* and *H. C. Barnett,* for appellant.

*William A. Johnson,* for appellee.

MONKS, J.—Appellee sued appellant for a divorce. On application of appellee the court ordered that "appellant pay the clerk of the court below $100.00, within fifteen days, for her use and support during the pendency of the case." From this interlocutory order appellant appealed.

In this State the court has the power, in divorce cases, to make such allowances and orders as may be deemed necessary to enable the wife to prepare for and secure a fair and impartial trial, and also for her support during the pendency of such action. *Sellers* v. *Sellers,* 141 Ind. 305. Such orders are within the discretion of the trial court and will not be reversed unless there has been a clear abuse of such discretion. *Sellers* v. *Sellers supra,* p. 307, and cases cited; *Gruhl* v. *Gruhl,* 123 Ind. 86.

The evidence given on behalf of appellee was that

she had been compelled, by appellant's cruel and inhuman treatment, and his failure to make any provision whatever for her support, to leave him; that she was wholly destitute, and owned no property whatever except a small house of the value of $400.00 and no more, and $10.00 balance on some property, not yet due; that from said house and lot she derived an income of only $5.00 per month, that being but little more than enough to keep up the repairs and pay the taxes thereon; and that she could not sell, mortgage, or borrow any money on the same, or otherwise get any money, and that she had no other property or credit, and could not live on the income thereof, and, aside therefrom, is wholly destitute of the means to support herself during the pendency of the action, or of defraying the costs, expenses, and attorney's fees attending the preparation of said cause; that she is fifty-four years of age and is afflicted with rheumatism, and wholly unable to work or labor; that appellant owned personal property of the value of $2,000.00, and unincumbered real estate of the value of $7,500.00, and was amply able to pay such sum as would be necessary for appellee's support during the litigation and in preparation for the trial of said cause. The evidence given on behalf of appellee was amply sufficient to sustain the action of the court in making the interlocutory order appealed from. *Sellers* v. *Sellers, supra,* and cases cited; *Davis* v. *Davis,* 141 Ind. 367; *Yost* v. *Yost,* 141 Ind. 584; *Gruhl* v. *Gruhl, supra.*

After appellee's application for an allowance was filed, appellant resisted the same, and on Februry 22, 1897, filed an affidavit, in which he alleged that he had a furnished house, the family residence, the one said appellee had abandoned, and that he was willing for her to return to said home, and that he would furnish her with comfortable maintenance and support; that

appellee's house and lot could easily be mortgaged for the sum of $400.00, and that appellant was willing to join with her at any time in a mortgage on said property for any sum she might desire, and that appellant would within twenty-four hours furnish a party who would loan appellee, on reasonable terms, $400.00, secured by a mortgage on said house and lot, and would join her in said mortgage; or he would secure for her within that time a purchaser for said real estate at the price of $500.00 in cash, and join in a deed therefor. This affidavit was read in evidence at the hearing of said application on February 27, 1897.

Appellee was not required to accept appellant's offer of support at his family residence, which she had abandoned on account of the alleged cruel and inhuman treatment by appellant, and his failure to make provision for her support. If the allegations of her complaint and application were true, she had the right to and it was proper for her to abandon such a home. It is true that the truth of these charges did not enter into the determination of appellee's application, but in determining the amount of any allowance it was the duty of the court to take into consideration the nature of the charges in the complaint, as well as the allegations of the answer, and the probability when the same would be tried. Appellant's offer of support at the family residence was properly disregarded by the court.

Appellant's offer to secure a loan for appellee and join in the execution of a mortgage to secure the same, or to procure a purchaser for appellee's real estate within twenty-four hours and join in the deed therefor was made in writing on February 22, 1897, and the application for an allowance was not heard until February 27, 1897, five days afterwards, and there is nothing in the record showing that within said twenty-four

hours, or afterwards and before the interlocutory order was made that appellant furnished any one to make such loan or purchase said property. The record not showing that appellant made good either of his offers in regard to procuring a loan for appellee or a purchaser for her property, the offers amounted to nothing. It is not necessary, therefore, to determine whether if such offers, or either of them, had been made good the same would have defeated appellee's application for an allowance. Besides, the evidence was conflicting as to whether appellee had credit, or could borrow money or sell her property; and in such case it is well settled that the court will not weigh the evidence, whether the same is given by affidavits or otherwise. *Cabinet Makers' Union* v. *City of Indianapolis*, 146 Ind. 671, and cases cited; *Henderson* v. *Henderson*, 110 Ind. 316, 319. This case is clearly within the doctrine declared in *Sellers* v. *Sellers*, *supra*, and is ruled thereby. No abuse of the trial court's discretion has been shown. The death of appellant since submission having been suggested, the judgment is affirmed as of that date.