## SNIDER v. SNIDER.

[No. 21,947.   Filed June 3, 1913.]

1. DIVORCE.—*Alimony.*—*Allowance Pendente Lite.*—The authority
of a trial court to grant suit money or temporary alimony to a
wife in actions for divorce is not restricted to cases where it is
shown that she has neither means nor credit, but extends to the
making of such allowance in any case, if, in the sound discretion
of the court such allowance is necessary to insure to the wife an
efficient preparation of her case and a fair and impartial trial
thereof.  pp. 587, 588.

2. DIVORCE.—*Alimony.*—*Allowance Pendente Lite.*—*Right to Al-
lowance.*—The right of alimony, whether *pendente lite* or perma-
nent, is founded on the husband's common law obligation to
support his wife, and in suits for absolute divorce, whether as
plaintiff or defendant, the wife is entitled, on application, to
temporary alimony even in the absence of statutory provision
therefor, and notwithstanding the existence of statutes giving
her control of her separate property and the benefit of her own
earnings.  p. 588.

3. DIVORCE.—*Alimony.*—*Allowance Pendente Lite.*—To entitle a wife to an allowance of temporary alimony or suit money, it should be made to appear that she has not sufficient means to provide for her own support adequately and to pay her proper expenses in the action, and the ability of the husband to pay should likewise be made to appear. p. 588.

4. DIVORCE.—*Alimony.*—*Allowance Pendente Lite.*—*Discretion of Court.*—Whether the necessity for an allowance of temporary alimony or suit money exists, and the ability of the husband to pay, as well as the amount to be allowed, is within the sound discretion of the trial court, which, though subject to review on appeal, will not be interfered with except on a showing of clear abuse by unfair and arbitrary action. p. 588.

5. DIVORCE.—*Alimony.*—*Allowance Pendente Lite.*—*Abuse of Discretion.*—The allowance of temporary alimony or suit money to a wife having some property or some credit is not necessarily an abuse or discretion on the part of the trial court. p. 590.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Action for divorce by Christian Snider against Lavina Snider. From an order for the payment of suit money for defendant, the plaintiff appeals. *Affirmed.*

*Phil B. Colerick, Leonard, Rose & Zollars,* for appellant.
*Harry H. Hilgemann* and *Thomas & Townsend,* for appellee.

Cox, J.—Appellant sued appellee for a divorce and she appeared and asked an allowance of $200 for attorney's fees that she might make her defense. After a hearing on this question the court ordered appellant to pay to appellee the sum named within five days. From this interlocutory order this appeal is brought.

The basis of the claim made in behalf of appellant that the order was improperly made is that it is made to appear that appellee had ample means and credit of her own to enable her to support herself and make her defense and that therefore the allowance was an abuse of the discretion possessed by trial courts in such cases.

Appellee's verified application for the allowance shows that the parties were married in 1880 and were separated

from bed and board for a limited time by decree of the court rendered in 1909 at which time the court allowed her $1,000, and $20 per month; that appellee at the time the allowance now appealed from was asked owned 50 acres of land in Allen County worth about $50 an acre of which only 20 acres were cleared and under cultivation; that she also had a note for $1,500 secured by mortgage on real estate; that since the decree of separation she had built a house and barn on this land at an expense of $1,800, and had also been to expense in fencing and buying stock for her farm and had so used all the money allowed her by that decree and $1,000 which she had borrowed and pledged the mortgage note for $1,500 as security; that she owed various additional sums amounting in the aggregate to something more than $150; that she had no other money or means or sources of income than that stated and no means of support other than the cleared 20 acres which was insufficient for her support and that she cannot borrow more money on the $1,500 note. It is further shown that appellant, at the time, owned 150 acres of unencumbered, well-improved real estate in Allen County worth $100 an acre, with machinery, stock and other personal property worth between $3,000 and $4,000; and that in addition, she was informed and believed, he was worth, in money in bank and loaned on real estate, $30,000. It was further shown that she was then 64 years old and had borne appellant four children all of whom had become of age; that she had helped to clear her land and do the work on her farm but could do so no longer on account of growing infirmity, and that appellant had ceased making the payments of $20 a month under the former decree.

In a verified statement in opposition to the allowance, filed by appellant, it is shown that at the time of their marriage he owned 80 acres of land then worth $45 an acre; that when appellee's father's estate was settled she received therefrom $2,400, and that appellant at that time bought 120 acres of land towards the purchase of which she gave

her inheritance and that sometime thereafter he conveyed
to her 50 acres of the land so purchased and that it was then
worth $100 an acre exclusive of timber on it, which timber,
it was stated, appellee had sold about three years before
the application for allowance for $3,000 and had also sold
wood to the amount of $500; that during the time they lived
together appellee had the income from the milk, poultry
and garden produce amounting to about $6 a week; that in
addition to this she had horses and cattle to the value of
$400 or $500; that appellant paid appellee the $1,000 al-
lowed her on the separation and the $20 a month for a
period of two years; and that when she left him she took
household goods of the value of $200.  It is admitted that
appellant owned at the time 150 acres of land worth $90
an acre, $400 worth of personal property and $2,000 in
money.  It is averred that appellant is willing to join appel-
lee in mortgaging or selling her land to raise money to make
her defense.

To this appellee responded by a verified statement, in
further support of her application, in which it is averred
that she possessed certain personal property at the time of
her marriage with appellant; that she inherited 40 acres of
land which she held for four years during which it produced
$1,000 after which she sold it for $2,500 on 4 years' time at
interest; that all this money amounting to $3,500 or more,
together with $50 in cash which appellee received from her
mother, and $50, the value of a cow belonging to appellee
which appellant had sold, was used by appellant in the pur-
chase of the 120 acres of land referred to, which was pur-
chased when appellee was sick in bed and appellant took
the title in his own name; that this purchase was made
about 20 years before and appellant had the possession and
profits of all of the land until in 1904, when he deeded ap-
pellee 50 acres of it in consideration for the money so re-
ceived from her, and since then had received the income of
the residue of the 120 acres; that appellee used what she

received from the farm while she lived with appellant for the support of the family, including the purchase of clothing for herself, the children and appellant. It is admitted that appellee did sell timber and wood off the 50 acres deeded to her to the amount of $3,300, but, it is averred, $1,500 of it was loaned and not available, as shown in her application for the allowance, and that the residue was used in settling the two daughters of the parties when married, and in necessary expenditures for herself; that the household furniture which she took with her when the separation occurred belonged to appellee; that she owned one horse, one cow and calf and a few chickens and no other stock whatever; that she has no ready money and no available means with which to make her defense.

Thus is disclosed the most sordid bickering between two who should long since have learned the lesson of mutual forbearance and should be spending together a placid evening of life in a peaceful common home. Perhaps, if a divorce should be inevitable, conditions are also shown upon which the just hand of a court of equity should be laid in making a proper division of property between the parties. But the question before us is whether, upon the facts disclosed, the allowance can be sustained.

It seems to be the contention of counsel for appellant that in a divorce action a trial court has authority to grant suit money or temporary alimony to the wife only when 1. it is shown that she has neither means nor credit with which properly to prepare her suit or defense for trial, and that when it appears that she has some means or credit an allowance is an abuse of discretion which this court will review. Such is not the law either under our statute or the common law. Our statute relating to the question before us provides: ''Pending a petition for divorce, the court, or the judge thereof in vacation, may make, * * * such orders relative to the expense of such suit as will insure to the wife an efficient preparation of her case

and a fair and impartial trial thereof." §1080 Burns 1908, §1042 R. S. 1881.

The right of alimony whether *pendente lite* or permanent is founded on the common law obligation of the husband to support his wife and was recognized in ecclesiastical law. Subject to certain conditions, the wife is, in suits for absolute divorce, whether she be plaintiff or defendant, entitled upon application to temporary alimony where no statute provides for it. And it may be awarded notwithstanding statutes which give her control of her separate property and the benefit of her own earnings, although such statutes materially lessen the force of the reason upon which it is granted, and in such case the allowance is not made so much as a matter of course. It must be made to appear as one of the essential conditions upon which the wife will be granted the allowance, that she has not sufficient means to provide for her own support adequately and to pay the expenses of properly preparing and prosecuting or defending the action. The ability of the husband to pay should also be made to appear. 14 Cyc. 743-761; 3 Am. and Eng. Ency. Law and Pr. 139-156; 2 Am. and Eng. Ency. Law (2d ed.) 99-114; 2 Bishop, Mar., Div. and Sep. §§965, 978, 979.

Whether the necessity for the allowance exists, and the ability of the husband to pay, as well as the amount to be allowed is within the sound discretion of the trial court to determine upon the facts before it. This judicial discretion is, it is true, subject to review on appeal, but it will be interfered with only when a clear abuse of it by unfair and arbitrary action is shown. 14 Cyc. 749, 762. 2 Bishop, Mar., Div. and Sep. §936.

Although the fact that the wife has some property is a matter to be considered by the court in determining whether an allowance shall be made, as well as the amount of it, still, if it is not sufficient properly to support her and at the same time afford her the means to

secure her an efficient preparation of her case and a fair trial without exhausting her own resources, an allowance is within the discretion of the court. 2 Am. and Eng. Ency. Law (2d ed.) 106; *Hoffman* v. *Hoffman* (1868), 7 Robt. (N. Y.) 474; *Merritt* v. *Merritt* (1885), 99 N. Y. 643, 1 N. E. 605; *Rose* v. *Rose* (1884), 53 Mich. 585, 19 N. W. 195; *Campbell* v. *Campbell* (1887), 73 Iowa 482, 35 N. W. 522; *Harding* v. *Harding* (1892), 144 Ill. 588, 32 N. E. 206, 21 L. R. A. 310; *Cooper* v. *Cooper* (1900), 185 Ill. 163, 169, 56 N. E. 1059. The rule declared to be sound and just by Mr. Bishop in the sections of his work above cited is that if the wife has no separate income or an inadequate one, the husband must contribute what, under the particular circumstances, is just. If she has sufficient in part, the husband must supply the residue. Practical equality being the end at which the proceeding aims, the "whole question is regulated by the judicial—not the arbitrary—discretion of the court, for the guidance whereof natural reason, judicial precedent, and the wife's actual necessities blend." This statement of the law has heretofore met the approval of this court in the case of *Davis* v. *Davis* (1895), 141 Ind. 367, 40 N. E. 803, where, referring to the rule stated by Mr. Bishop, it was said on page 374: "This is a wise and humane provision of the law, and upon the trial court is enjoined the duty to carefully and properly exercise the discretionary powers thereby granted. The law does not contemplate that the husband shall be oppressed by the allowance, neither does it intend that where his means are ample the court shall weigh the amount awarded in 'the scales of an apothecary.' The statute means and intends a sum sufficient to insure an efficient preparation and a fair trial. And what is sufficient for the wife to obtain these results the court, under all the facts and circumstances in each particular case, must determine."

That an allowance of temporary alimony or suit money to a wife having some property or some credit is not neces-

sarily an abuse of discretion on the part of the trial court has been decided by this court. *Gruhl* v. *Gruhl* (1890),,123 Ind. 86, 23 N. E. 1101; *Sellers* v. *Sellers* (1895), 141 Ind. 305, 40 N. E. 699; *McCue* v. *McCue* (1898), 149 Ind. 466, 49 N. E. 382. Counsel for appellant rely upon the case of *Kenemer* v. *Kenemer* (1866), 26 Ind. 330, as sustaining their contention for appellant in this case, but we think a careful consideration of what was there involved and decided shows that it does not.

A case might be presented to this court for review where the relative financial condition of the husband and wife was such that an allowance of temporary alimony or suit money to the wife out of the husband's estate would be an abuse of discretion, and the wife would be compelled to resort to her own estate for her support and expenses even though she would be compelled to sell or incumber part of it to do so. But we cannot say that the facts upon which the trial court acted in this case are of such a character.

The judgment is affirmed.

NOTE.—Reported in 102 N. E. 32. See, also, under (1) 14 Cyc. 752; (2) 14 Cyc. 743; (4) 14 Cyc. 756; (5) 14 Cyc. 749, 762. As to the power of courts in divorce suits to create and enforce liens for alimony, see 102 Am. St. 700. On the question of husband's prospects as basis for alimony, see 4 L. R. A. (N. S.) 909.