## HETHERINGTON *v.* HETHERINGTON.

[No. 25,152.  Filed March 16, 1928.  Rehearing denied May 11, 1928.]

*G. E. Ross,* for appellant.
*Kistler, Kistler & McHale,* for appellee.

MYERS, J.—This is an appeal from an interlocutory order allowing and ordering appellant herein to pay to the clerk of the Cass Circuit Court the sum of $1,000 for appellee's use in the preparation of her case for divorce against appellant. That part of the record sufficient for

an understanding of the questions involved will appear from the following memorandum:

On October 10, 1925, appellee filed her petition for a divorce and attached thereto her residentiary affidavit, as also an affidavit for a restraining order, which order was issued. On October 28, 1925, appellant filed a cross-complaint for a divorce from appellee. On October 30, 1925, appellee filed a verified petition for an allowance for the purpose of enabling her to prosecute her action for divorce, and on the same day she filed an amended and substituted affidavit of residence. The following November 25, appellant's demurrer, filed October 10, to appellee's complaint for failure to state facts and for want of jurisdiction of the subject-matter of the action, was sustained. On January 28, 1926, appellant filed an answer in denial to appellee's complaint. Thereafter, upon the affidavits submitted in support of and against making the allowance for which appellee prayed, the court, on February 19, 1926, ordered that appellant pay, on or before March 6, 1926, to the clerk of the Cass Circuit Court, $1,000 for appellee's use in the preparation of her cause of action. Five days later, a motion to modify the $1,000 allowance, for the reason there was nothing before the court upon which such an allowance could rest, or that the order be modified reducing the allowance to $500 instead of $1,000, was overruled, appeal prayed and granted. There was no judgment on the demurrer to the complaint.

It is evident from the briefs of counsel and from the record before us that the affidavit of residence filed with appellee's petition was insufficient. Appellant insists that the action of the court in sustaining the demurrer to the petition of appellee took both the petition and affidavit of residence therewith filed out of the record, and that the mere filing of an amended or substituted affidavit of residence would not rehabilitate the petition,

and hence there was nothing before the court upon which to base an allowance.

Divorce actions are statutory and within the elementary rule that he who seeks the benefits of a statute must bring himself clearly within its provisions. *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 160, 81 N. E. 482; *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593; *Zeller, McClellan & Co.* v. *Vinardi* (1908), 42 Ind. App. 232, 85 N. E. 378.

A petition for a divorce stating one or more of the statutory grounds therefor, without a showing of residence in compliance with the statute (§1097 Burns 1926), is insufficient to give the court jurisdiction of the subject-matter of the action. The provisions of this statute as to residence are mandatory and jurisdictional and cannot be waived by either party. *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296; *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588; *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18; *Foreman* v. *Foreman* (1921), 76 Ind. App. 83, 131 N. E. 419.

It is obvious from the record at bar that appellee did not have a cause of action pending in court at the time the order for the allowance in question was made. *Ellis* v. *City of Indianapolis* (1897), 148 Ind. 70, 47 N. E. 218. It does appear, however, that the court had jurisdiction of the parties, and although a demurrer was sustained to appellee's petition, this action of the court, in the absence of a judgment on such ruling, did not end the case. Appellee, on leave of court, might amend her petition, or elect to abide the ruling on demurrer and stop or appeal. While the allowance sought in this case "is generally denominated in law as 'suit money'" (*Davis* v. *Davis* [1895], 141 Ind. 367, 373, 40 N. E. 803) and granted only in pending actions

(*Musselman* v. *Musselman* [1873] 44 Ind. 106, 120), yet it should be noted that at the time the allowance was made appellant had on file a cross-petition or cross-complaint, asking a divorce from appellee. Had appellee dismissed her petition, such dismissal would not have affected appellant's right to "the trial of the cross-petition." §1102 Burns 1926; *Musselman* v. *Musselman, supra,* p. 114. Such was the position of the parties before the court when it acted upon appellee's petition for an allowance. No one will question the power of a trial court to make an allowance in favor of the wife against the husband in a pending divorce action that "will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof" (§1109 Burns 1926; *Musselman* v. *Musselman, supra,* p. 121), and such allowance may be proper either for the purpose of enabling her to prosecute or defend such an action. *Hilker* v. *Hilker* (1899), 153 Ind. 425, 55 N. E. 81; *Harrell* v. *Harrell* (1872), 39 Ind. 185; *Snider* v. *Snider* (1913), 179 Ind. 583, 102 N. E. 32. Under all of the circumstances shown by the record in this case, we conclude that the court was justified in acting upon appellee's petition for an allowance, although nothing is said therein with reference to her financial ability to defend against the cross-petition.

The question as to the amount of the allowance, like that of alimony, is a matter for the sound judicial discretion of the trial court, and while such discretion is subject to review by this court, a careful examination of the evidence submitted to the court upon the trial of this question is such that we cannot say there was an abuse of such discretion. True, it appears that appellee had some means, and possibly enough to have enabled her to prosecute her petition, or to have defended the cross-petition. However, there was some showing that appellant was financially worth approximately $200,000, and that appellee had investments of

something like $6,000 or $7,000. With this showing of financial ability on the part of both appellant and appellee, it is certainly not our province to weigh the evidence and say the court abused its discretion. *Snider* v. *Snider, supra; Sellers* v. *Sellers* (1895), 141 Ind. 305, 40 N. E. 699; *McCue* v. *McCue* (1898), 149 Ind. 466, 49 N. E. 382.

Judgment affirmed.