## SICKENBERGER v. SICKENBERGER.

APPEAL AND ERROR—INTERLOCUTORY ORDER—LEAVE TO APPEAL.

> Order fixing temporary alimony and attorney fees in divorce proceeding between parties who had been married previously, divorced and, after signing a prenuptial agreement, remarried, being an interlocutory order, an appeal therefrom is dismissed where no leave to appeal had been obtained.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 22, 1939. (Docket No. 113, Calendar No. 40,575.) Decided October 20, 1939.

Bill by Harriett E. Sickenberger against Carl C. Sickenberger for separate maintenance. Cross bill

by defendant for an absolute divorce. From order for temporary alimony and attorney fees, defendant appeals. Appeal dismissed.

*Wm. Henry Gallagher,* for plaintiff.

*James J. Comella (J. Shurley Kennary,* of counsel), for defendant.

CHANDLER, J. The parties to this cause were originally married on March 1, 1912, and divorced by decree entered in the circuit court for the county of Wayne on October 28, 1935. Plaintiff in that proceeding, also plaintiff herein, in addition to other property, was awarded all household furniture and effects and permanent alimony in the amount of $60 per week, which was to continue until the further order of the court. The parties were remarried on November 10, 1937, and took up their residence in the lower flat of a two family dwelling at 696 Neff road, Grosse Pointe, which had been acquired by the defendant during the period the parties had been separated.

Prior to the remarriage, the parties entered into an antenuptial agreement, which in effect provided that neither party "shall have possession or acquire any estate or interest in any property, real or personal, or right of action of which the other of them is or shall be at the time of said reconciliation and marriage seized or possessed;" that plaintiff waived "all dower rights and interest to the premises" known as 696 Neff road, and "to whatsoever personal property and choses in action said Carl C. Sickenberger has acquired since October 28, 1935."

The final paragraph of said agreement read as follows:

"It is finally further provided that if said reconciliation and marriage is abrogated by either of the

parties hereto through action brought in any court then the status of the parties hereto shall be restored to that as of October 28, 1935, and according to an order signed by the Honorable Thomas J. Murphy, judge of the circuit court of Wayne county, Michigan.''

On September 23, 1938, plaintiff filed her bill of complaint in this action seeking a decree of separate maintenance against defendant. On October 11, 1938, defendant filed an answer and cross bill, praying for absolute divorce. A few days thereafter plaintiff filed a motion for temporary alimony and attorney fees, together with an answer to defendant's cross bill.

The motion for allowance of temporary alimony and attorney fees was referred to the friend of the court, who recommended that an order of $60 a week temporary alimony and an attorney fee of $500, one half payable in 30 days and one half in 60 days, be entered. The defendant filed objections to the entry of such an order on the grounds that plaintiff was occupying the home of defendant without being required to pay rent, and that the allowance of an attorney fee of $500 was excessive. Upon argument of the motion for temporary alimony and the objections to the recommendation of the friend of the court, the attention of the court for the first time was called to the antenuptial agreement, and the motion was again referred to the friend of the court, who, after hearing argument of counsel for the respective parties, added the following to his report:

''It appears that these parties live in the same building which is an income, two-flat bungalow, one of the apartments being vacant. It is the position of the husband that the $60 per week allowance which he was ordered to pay in the first decree is sufficient to support and maintain her elsewhere than

in the family home. The claim is denied by the wife who urges that she will require a larger allowance to live up to the standard maintained by her husband and commensurate with his income.

"The attorneys for the respective parties are in conflict as to the interpretation of the prenuptial agreement in relation to the relief sought in the pending cause. It is difficult during the pendency of this law suit definitely to adjudicate the respective rights of the parties upon the issues involved. Each party is entitled to his day in court upon their respective claims which ordinarily cannot be adjudicated until the final hearing. Under these circumstances we believe that the wife's application for an attorney's fee is meritorious and if any injustice should be done in the allowance of the attorney's fee, we feel sure that the matter can be adjudicated at the time of the final hearing.

"It is further recommended that no order be entered requiring the wife to vacate the premises for the reason that if the parties are unable to endure or tolerate each other in one apartment, then arrangements could be made for one of them to use the unoccupied apartment."

Objection to this supplemental report was filed by defendant, giving the following reason:

"Said defendant also says that the said parties by their written contract, which said contract neither party has disaffirmed or sought to vacate, having adopted a decree of this honorable court as to property matters and alimony, that this court is without authority to increase the alimony to the plaintiff or require the defendant to pay any other or different sums to the plaintiff than those specified in the said contract and in the said decree."

The court finally made and entered the following order:

"It is ordered that defendant pay to the plaintiff the sum of $60 per week as temporary alimony commencing on the date of the filing of plaintiff's motion therefor, to-wit: October 11, 1938. * * *

"It is further ordered that while plaintiff continues to live in the house of the parties hereto, defendant shall continue to pay the gas, light, and heat bills.

"It is further ordered that the defendant pay to Wm. Henry Gallagher, attorney for plaintiff, the sum of $500 as temporary attorney fees. * * *

"It is further ordered that the payments hereinbefore required to be made by the defendant shall be made by the defendant through the office of the friend of the court."

From the above order, defendant appeals, giving the following reasons therefor:

"1.   That the contract between the parties hereto, dated November 6, 1937, fixed the rights of the plaintiff as to alimony and expense money.

"2.   That the court was without jurisdiction to grant to the plaintiff, as temporary alimony and/or expense money, a sum greater than that specified in said contract.

"3.   That the plaintiff having relinquished by the said contract, prior to marriage, all rights of every kind and nature that might otherwise accrue to her through marriage in said property, the court was without jurisdiction or authority to grant to the said plaintiff the right of occupancy of said property.

"4.   That the said order in all particulars, wherein it grants to the said plaintiff greater rights than those reserved to the said plaintiff in said contract, is contrary to the contractual rights of the said defendants."

The order above referred to by which defendant claims he was aggrieved is by its terms an interlocutory one and is not a final disposition of the sub-

ject matter of the suit or any part of it. No leave to appeal from this order was obtained, and it necessarily follows that this appeal must be dismissed. See *Equitable Trust Co.* v. *Bankers Trust Co.*, 268 Mich. 394; *Furniture Manufacturers Ass'n* v. *Grand Rapids Guild of Exhibitors*, 268 Mich. 685; *Haines* v. *Haines*, 35 Mich. 138; *Ross* v. *Ross*, 47 Mich. 185; *Rose* v. *Rose*, 53 Mich. 585.

Appeal dismissed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.